IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES O., <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | Case No. 26-cv-01426-SRB-JFD |

# ORDER

Before the Court is Petitioner James O.'s ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #2.) Petitioner alleges he "is a non-citizen from Nigeria. Petitioner entered the United States on or about August 7, 2021, on an F-1 student visa pursuant to Section 101(a)(15)(F) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1101(a)(15)(F)." (Doc. #1, ¶ 1.) Petitioner alleges in part that he has a pending optional practical training ("OPT") extension application with the United States Citizenship and Immigration Services ("USCIS"). Petitioner alleges he timely filed an OPT extension application and is thus authorized to continue employment for up to 180 days while the application remains pending. However, Petitioner alleges that Respondents wrongfully terminated his valid F-1 status and detained him before 180 days had expired and placed into removal proceedings. Petitioner now requests habeas relief and immediate release from custody.

On February 13, 2026, the Court issued a Show Cause Order which directed Respondents to file an answer to the Petition and directed Petitioner to file a reply to the answer. In their response, Respondents argue in part that "ICE is not asserting authority to detain Petitioner under § 1225. The agency instead agrees that Petitioner's detention arises under § 1226 and that he is

entitled to a bond hearing." (Doc. #8, p. 1.) Respondents further argue that "[w]hat makes this petition surprising is that Petitioner already asked the immigration court for a bond hearing, and an immigration judge already agreed to give him one." (Doc. #8, p. 1.)

Upon review of the record and the parties' arguments, the Court finds that Petitioner is entitled to habeas relief and immediate release from detention. In particular, the Court finds that Respondents unlawfully terminated Petitioner's F-1 student status in violation of the Due Process Clause. The Court agrees with Petitioner that:

> The United States Constitution requires notice and a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."). Respondents terminated Petitioner's F-1 student status and associated [Student Exchange and Visitor Information System] record without (i) notifying him about this termination decision, (ii) providing specific grounds for this decision, (iii) providing Petitioner with an individualized hearing before an impartial adjudicator, and (iv) providing Petitioner with adverse evidence and an opportunity to confront and respond to such evidence.

(Doc. #10, pp. 13-14.)

Petitioner's detention is also unlawful under § 1226. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Because Respondents have not argued the existence of, or produced, a warrant directed to Petitioner, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

2

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #2) is **GRANTED**.

2. The Court declares that Petitioner is not subject to detention under 8 U.S.C. § 1225 or § 1226 and enjoins Respondents from denying release or other relief on the basis that he is subject to such detention.

3. Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

4. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

8. Respondents' Emergency Request to Transfer Petitioner (Doc. #6) is DENIED for the reasons stated by Petitioner and DENIED AS MOOT because Petitioner shall be immediately released in Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 19, 2026         *s/Stephen R. Bough*
                                Stephen R. Bough
                                United States District Judge